UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: CORVETTE Z06 MARKETING AND
SALES PRACTICES LITIGATION                                                MDL No. 2815


ORDER DENYING TRANSFER


**Before the Panel**: Plaintiffs in four actions move under 28 U.S.C. § 1407 to centralize this litigation in the Southern District of Florida or, alternatively, the Northern District of Illinois. Defendant General Motors LLC supports centralization in the Northern District of Illinois. This litigation consists of four actions pending in four districts, as listed on Schedule A.

After considering all argument of counsel, we conclude that Section 1407 centralization of this litigation is not necessary. The actions here involve common factual issues arising from nearly identical statewide class actions that concern the marketing, sale and performance of the 2015-2017 model years Corvette Z06. Plaintiffs allege that these cars were marketed as track-proven cars to racing enthusiasts who did not know (and could not reasonably have known) that, after approximately fifteen minutes of track driving, the Z06 overheats due to the alleged lack of an appropriate transmission cooling system. In litigation such as this, where only a few actions are involved, the proponent of centralization bears a heavier burden to demonstrate that centralization is appropriate. *See In re: Transocean Ltd. Sec. Litig. (No. II)*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). Moving plaintiffs have failed to do so here.

This litigation involves only four actions pending in as many districts, and no additional cases were filed during the pendency of the motion for centralization. Plaintiffs are represented by common counsel, as are defendants. Cooperation among the few involved courts and these two groups of counsel appears to be a workable alternative to centralization in these circumstances.[1] Moreover, all parties support centralization in the Northern District of Illinois (though plaintiffs' support of that district is an alternative to the Southern District of Florida). Transfer under Section 1404 to a single, agreed-upon district appears to be a viable option to place the cases before a single judge for all purposes.

If needed as this litigation progresses, various mechanisms are available to minimize or eliminate the possibility of duplicative discovery in the absence of an MDL. Notices of deposition can be filed in all related actions; the parties can stipulate that any discovery relevant to more than one action can be used in all those actions; and the involved courts may direct the parties to

---

[1] *See, e.g., In re: Boehringer Ingelheim Pharm., Inc., Fair Labor Standards Act (FLSA) Litig.*, 763 F. Supp. 2d 1377 (J.P.M.L. 2011) (denying centralization of four actions in which plaintiffs in three actions shared counsel).

- 2 -

coordinate other pretrial activities. *See, e.g., In re: Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); MANUAL FOR COMPLEX LITIGATION, Fourth, § 20.14 (2004).

    IT IS THEREFORE ORDERED that the motion for Section 1407 centralization of the actions listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_Sarah Vance_

Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

IN RE: CORVETTE Z06 MARKETING AND
SALES PRACTICES LITIGATION                                    MDL No. 2815

## SCHEDULE A

    <u>Northern District of California</u>

JASPER, ET AL. v. GENERAL MOTORS LLC, C.A. No. 5:17−06284

    <u>Southern District of Florida</u>

VAZQUEZ, ET AL. v. GENERAL MOTORS LLC, C.A. No. 1:17−22209

    <u>Northern District of Illinois</u>

JANKOVSKIS, ET AL. v. GENERAL MOTORS LLC, C.A. No. 1:17−07822

    <u>Western District of Washington</u>

MINARIK v. GENERAL MOTORS LLC, C.A. No. 2:17−01615